UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE PHYSICIANS ALLIANCE CORPORATION | CIVIL ACTION |
| VERSUS | NO. 16-203-SDD-RLB |
| WELLCARE HEALTH INSURANCE OF ARIZONA, INC., ET AL. | |

### ORDER

Before the Court is Plaintiff's Motion for Sanctions for Defendants' Failure to Produce Fed. R. Civ. P. 30(B)(6) Representative (R. Doc. 108) filed on October 26, 2018. The motion is opposed. (R. Doc. 134). Plaintiff has filed a Reply. (R. Doc. 180-1).

Through the instant motion, Plaintiff seeks sanctions regarding Defendants' refusal to provide deposition testimony on Topics 7 and 9 of the deposition notice. In the alternative, Plaintiff moves the Court to compel defendants to produce a witness to testify regarding the contested topics.

The Court set the original deadline to complete non-expert discovery in this action on January 27, 2017, eventually extending the deadline to December 15, 2017. (R. Docs. 14, 31, 35, 46, 87).

On July 24, 2018, the Court extended the deadline for taking non-expert depositions in this action, including the Rule 30(b)(6) deposition of the opposing parties, to October 1, 2018. (R. Doc. 93 at 5). This limited extension was granted despite that the deadline to complete all non-expert discovery had passed. Plaintiff objected to the limited relief provided. (R. Doc. 96). The district judge affirmed the magistrate judge's order. (R. Doc. 97).

On August 17, 2018, Plaintiff served a Second Amended Deposition Notice setting Defendants' Rule 30(b)(6) depositions to take place on September 12-14, 2018. (R. Doc. 108-12).

On September 11, 2018, Defendants objected to Topics 7 and 9 in the notice. (R. Doc. 108-15). The Rule 30(b)(6) depositions took place on September 12-14, 2018. (R. Docs. 108-6, 108-13, 108-14, 108-16).

Plaintiff did not file the instant motion on or before the Court's deadline to conduct non-expert depositions in this action. Instead, Plaintiff waited until October 26, 2018, the deadline to file dispositive motions, to file the instant discovery motion. Plaintiff's motion fails to address timeliness and provides no exceptional circumstances for filing the instant discovery motion twenty-six days after the specific deadline set to complete non-expert dispositions in this action. Raised for the first time in its Reply brief, Plaintiff argues that "Defendants' conduct shows a calculated effort to deprive Physicians Alliance of information related to Defendants' affirmative defenses." (R. Doc. 180-1 at 2). In support of this position, Plaintiff also asserts that the parties engaged in settlement discussions and conducted a significant number of depositions during the time within which a timely motion could have been filed.

That the parties conducted a large number of depositions at the end of discovery is not a basis for failing to comply with the applicable filing deadline. Those discovery deadlines have been set or extended numerous times, and it has been made clear to the parties that the deadlines in place will be enforced. The discovery topics at issue were objected to by the defense, who provided a witness at the deposition that did not provide answers on those topics. Nothing prevented a discovery related motion from being filed within the two weeks following the deposition, and the Court finds no exceptional circumstances justify the additional delay until October 26, 2018, the deadline to also file dispositive and Daubert motions.

Accordingly, the Court will deny the instant motion as untimely. *See* LR 26(d)(1) ("Absent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline,

2

unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery."); *see also Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (affirming the denial of motion to renew discovery filed after the close of discovery where party had been "inexcusably dilatory in his efforts"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.").

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions for Defendants' Failure to Produce Fed. R. Civ. P. 30(B)(6) Representative (R. Doc. 108) is **DENIED**.

Signed in Baton Rouge, Louisiana, on November 26, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**